# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:10cv615

| | |
|---|---|
| ERIE INSURANCE EXCHANGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ELECTROLUX HOME PRODUCTS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court upon Plaintiff's Motion to Remand. Plaintiff Erie Insurance Company ("Erie") filed a Complaint in Mecklenburg County, Superior Court Division, North Carolina General Court of Justice on October 25, 2010. Defendant Electrolux Home Products, Inc. filed a Notice of Removal on December 1, 2010, on the basis of diversity jurisdiction. Following Defendant's removal notice, Plaintiff amended its Complaint to change the named Plaintiff from Erie Insurance Company to Erie Insurance Exchange.

Plaintiff alleges in this subrogation action that Defendant's negligent design and manufacture of a clothes dryer caused a fire at the residence of one of its insureds. Plaintiff paid the insurance claim arising from the fire and now seeks to recover those sums from the Defendant.

In its Motion to Remand, Plaintiff alleges there is no diversity of citizenship between the parties and therefore no federal subject matter jurisdiction under 28 U.S.C. §1332(a). Defendant argues the parties are in fact diverse and urges this court to retain jurisdiction.

Under 28 U.S.C. §1332(a), federal subject matter jurisdiction exists when there is diversity of citizenship between all of the parties. 28 U.S.C. §1332(a). "Diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Because jurisdiction is a "threshold issue," a case that lacks subject matter jurisdiction will be remanded. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95, 102 (1998); *see also Jones v. American Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). The burden of proof for establishing federal jurisdiction rests on the party seeking it, and any doubts about removal must be resolved in favor of remand. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

Defendant is domiciled in the State of Delaware. According to Plaintiff, Erie Insurance Exchange is a reciprocal insurance exchange and therefore exists as an unincorporated association for purposes of determining diversity jurisdiction. "A reciprocal insurance exchange . . . is an unincorporated business organization of a special character in which the participants, called subscribers (or underwriters) are both insurers and insureds." *Themis Lodging Corp. v. Erie Ins. Exch.*, 2010 WL 2817251 *1 (N.D. Ohio 2010) (quoting *Adolph Coors Co. v. Truck Ins. Exch.*, 2005 WL 486580 *2, n.1 (D.D.C. 2005). An unincorporated association is considered a citizen of each state in which its members reside. *See Clephas v. Fagelson, Shonberger, Payne & Arthur*, 719 F.2d 92, 93-94 (4th Cir. 1983). "Courts have long recognized that reciprocal exchange insurance associations, like Erie, do not receive fictional citizenship as do corporations but, instead, bear the citizenship of each member." *Themis Lodging Corp.*, 2010 WL 2817251 at *1 (citations omitted). Thus, the citizenship of Plaintiff's policyholders, as members, should be considered when determining diversity. *See Id.*; *see also Lavaland , LLC v. Erie Insurance Exchange*, 2009 WL 3055489 (S.D.Ill. 2009). Plaintiff has its principal place of

2

business in Pennsylvania, but has members (policyholders) who are citizens of Delaware.

The Defendant cites *Erie Ins. Exch. v. Davenport Insulation, Inc.*, 616 F. Supp. 2d 578 (D. Md. 2009) and *Garcia v. Farmers Insurance Exchange*, 121 F. Supp. 2d 667, 669 (N.D. Ill. 2000) in support of its argument that policyholders of a reciprocal insurance exchange should be considered customers, not members. However, the court finds *Davenport* and *Garcia* to be against the greater weight of authority.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand is hereby GRANTED.

Signed: July 15, 2011

Graham C. Mullen
United States District Judge